# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DOROTHY STEWART,<br>    Appellant, | DOCKET NUMBER<br>PH-0752-13-0132-I-2 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>    Agency. | DATE: July 29, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Dennis L. Friedman, Esquire, Philadelphia, Pennsylvania, for the appellant.

Miriam Dole, Philadelphia, Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal of an alleged constructive suspension in part as precluded by a settlement agreement and in part for lack of jurisdiction.  For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

without good cause shown.  5 C.F.R. § 1201.114(e), (g).

¶2    On October 28, 2014, the chief administrative judge issued an initial decision that dismissed the appellant's appeal.  Upon the appellant's request, the Clerk of the Board granted an extension of time until January 2, 2015, to file a petition for review.  Petition for Review (PFR) File, Tab 2.  On January 28, 2015, the Board received a petition for review which was mailed in an envelope with a postage meter mark dated January 2, 2015, but no postmark.  PFR File, Tab 3. The agency thereafter filed a motion to dismiss the petition for review as untimely filed and the appellant filed a response to the agency's motion.[2]  PFR File, Tabs 7, 11.

¶3    The Board will waive its filing deadline only upon a showing of good cause for the delay in filing.  5 C.F.R. §§ 1201.12, 1201.114(g).  To establish good cause for the untimely filing of a petition for review, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Harrison v. Office of Personnel Management*, 114 M.S.P.R. 453, ¶ 5 (2010) (citing *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980)).  To determine if an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely

---

[2]  The agency has moved for leave to submit additional evidence on timeliness and to reply to the appellant's response to its motion to dismiss.  PFR File, Tab 14.  In its motion, the agency asserts that the bar code on the envelope in which the appellant mailed her reply to the agency's response to her petition for review, *see* PFR File, Tab 12, showed that this pleading was not actually filed until several days after the date on the postage meter mark and certificate of service, and was also untimely filed, PFR File, Tab 14 at 4-5.  In light of our disposition of this appeal, the agency's motion for leave to file an additional pleading is DENIED.

file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶4    The agency contends that the appellant filed her petition for review on January 21, 2015, which, if true, would mean that her petition for review was untimely, according to the extension of time granted by the Clerk, by nearly 3 weeks. The agency's representative alleges that she received the appellant's petition for review on January 23, 2015. PFR File, Tab 7 at 4. While this statement is not sworn, it is consistent with the date the Board received the petition for review. The discrepancy between the date on the postage meter mark[3] and the date of receipt prompted the agency's counsel to investigate. The bottom of the envelopes containing both the agency's and the Board's copies of the appellant's petition for review contain a sticker with a bar code and the agency presented evidence that the bar codes show that the petition for review did not enter the mail stream until January 21, 2015. *See id.* at 31-32.

¶5    The agency's evidence is unrebutted. The appellant offers no evidence showing when she filed the petition for review other than the date on the postage meter mark. In fact, in her response to the agency's motion, although the appellant responded to each numbered paragraph of the agency's motion in corresponding numbered paragraphs, she omitted *any* response to the paragraph in which the agency's representative stated that the petition for review entered the mail stream on January 21, 2015. *See* PFR File, Tab 11 at 2-3. We find, therefore, that the appellant's petition for review was untimely filed on January 21, 2015. We further note that the appellant offers no explanation for the discrepancy between the date on the postage meter mark and the evidence showing that the petition for review was not actually filed until January 21, and she does not explain why she was unable, for reasons beyond her control despite

---

[3] The agency presented unrebutted evidence that the postage meter mark was generated by a postage meter registered to the appellant's attorney. PFR File, Tab 7 at 30-31.

her due diligence, to meet the Clerk's deadline of January 2, 2015. In the absence of any explanation for the delay in filing, we find that she has failed to show good cause for the untimeliness of her petition for review.

¶6      Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.[4] The initial decision remains the final decision of the Board regarding the dismissal of her constructive suspension appeal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

> United States Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

[4] The administrative judge provided the appellant with notice of mixed-case appeal rights in the initial decision. This was error, but it does not constitute reversible error because we notify the appellant of her proper appeal rights in this Final Order. Because the administrative judge dismissed the appellant's claims for lack of jurisdiction, we have provided the appellant with notice of her appeal rights to the U.S. Court of Appeals for the Federal Circuit. *See Kloeckner v. Solis*, 133 S. Ct. 596 (2012); *Conforto v. Merit Systems Protection Board*, 713 F.3d 1111 (Fed. Cir. 2013); *Cunningham v. Department of the Army*, 119 M.S.P.R. 147 (2013).

¶7       If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

      If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:           _____

                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.